WILLIAM E. MORGAN, Respondent, v. THE MAMMOTH MINING COMPANY, a Corporation, Appellant.

No. 1453.    (72 Pac. 688.)

1. **Master and Servant: Mines: Injuries to Miner: Negligence: Instructions.**

Where, in an action for injuries to a miner, the court charged that, if the defects in the shaft which caused the injury had existed a sufficient time so that defendant, by ordinary care, would have discovered them prior to the accident, then defendant was negligent, another instruction that, if defendant was negligent in not having the shaft in order, and that just prior to the accident some repairs were made, and when the cage was moved because of the defects plaintiff was injured, he was entitled to recover, was not objectionable as authorizing the jury to find defendant guilty of negligence, though the shaft might not have been out of repair a sufficient length of time to enable defendant, by the exercise of ordinary care, to discover and remedy the defects.

2. **Same: Instructions: Considered Together.**

Where a charge, considered as a whole, states the law applicable to the case fairly and correctly, the fact that one paragraph, abstractly considered, does not state the law with absolute precision, does not constitute reversible error.[1]

(Decided June 8, 1903.)

---

[1] Olson v. Railroad Co., 24 Utah 460; 68 Pac. 148.

Appeal from the Fifth District Court, Millard County.
*Hon. Thomas Marioneaux,* Judge.

Action to recover damages for personal injuries
alleged to have been sustained because of the negligence
of the defendant company. The facts are stated in Jen-
kins v. Mammoth Mining Co., 24 Utah 513. From a
judgment in favor of the plaintiff, the defendant ap-
pealed.

AFFIRMED (*on the authority of 24 Utah* 513.)

*J. W. N. Whitecotton, Esq.,* for appellant.

*Messrs. Powers, Straup & Lippman* for respondent.

BARTCH, J.—This is an action to recover damages
for personal injuries alleged to have been sustained be-
cause of the negligence of the defendant company. The
plaintiff, it appears was employed in the company's mine
as a common miner, and on the occasion of the accident
which caused the injuries complained of was being
lowered, in a cage, through the company's shaft, to his
place of work. While being thus lowered, the cage
struck the chairs at the 800-foot level, and stopped sud-
denly, causing injury to him and others with him in
the cage. The plaintiff, in the case of Jenkins v. Mam-
mouth Min. Co., 24 Utah 513, 68 Pac. 845, was one of
those with this plaintiff in the cage at the time of the
accident, and was injured at the same time. The es-
sential facts relating to the accident and its cause in both
cases are thus the same, and are referred to in that case.
The material points of law, with one exception, govern-
ing this case, were decided in that. The one exception
relates to the charge of the court. The appellant
insists that the sixth instruction given to the jury
herein is erroneous. It reads, as follows: "If you
believe from the evidence that the chairs at the 800-foot
level were out of repair, so that they did not automatic-

ally clear the shaft when released, and that the defendant was guilty of negligence in not having the chairs in order, and that just prior to the accident John Smith, the mine nipper, was at the 800-foot level, and threw the chairs in—that is, adjusted them so that they would support the cage at that point—and that when the cage was removed from them they failed to clear the shaft, not because they were held there by the pin or bolt, but because the chairs were out of repair or out of working order, and that the cage shortly after, in descending, struck upon the chairs, and the plaintiff was injured thereby, your verdict must be for the plaintiff.'' It is contended for the appellant that this instruction warranted the jury in finding the defendant guilty of negligence if they found that the chairs were just at the time of the accident out of repair, even though they might not have been out of repair a sufficient length of time to enable the defendant, by the exercise of ordinary care, to discover and remedy the defect. This criticism might be regarded as having some force, if the matter of knowledge of the defective condition of the chairs, or notice thereof, were explained nowhere else in the charge. In paragraph 5, however, the law respecting this subject is clearly stated. It reads: ''If you find from the evidence that the chairs at the 800-foot level were in the condition claimed by the plaintiff, and rendered the shaft unsafe, then you will inquire from the evidence whether the defendant company was responsible for such condition. The defendant was required by law to exercise ordinary care to discover such unsafe condition, if it existed, and if the defendant or its foreman or other person charged by it with the duty of caring for and inspecting the chairs was aware of such condition, or if the defendant company was not aware of such condition, and yet you believe from the evidence that such condition existed, and had existed a sufficient time prior to the accident so that the defendant or the person charged with the duty by the exercise of ordinary care would have discovered such condition prior

to the accident, then the defendant company was negligent in not putting the chairs in order, so that they would clear the shaft and leave free passage for the cage.'' This immediately precedes paragraph 6, and expressly limits the defendant's liability to the finding by the jury that the defendant had knowledge of the defective condition of the chairs prior to the accident, or that such defects had existed prior thereto for a sufficient length of time that the company, by the exercise of ordinary care, ought to have acquired knowledge of them. When, therefore, the two paragraphs are read together, and considered in connection with the evidence, to the effect that the defects had existed for a period of about two months prior to the time of the accident, there appears to be no reason for assuming or holding that the jury were misled. If, under these circumstances, it be conceded that paragraph 6, abstractly considered, does not state the law with absolute precision, still it does not amount to reversible error. Where, as here, a charge, considered as a whole, states the law applicable to the case fairly and correctly, it is sufficient. Olson v. O. S. L. R. R. Co., 24 Utah 460, 68 Pac. 148.

There appears to be no reversible error in the record, and upon the authority of Jenkins v. Mammoth Min. Co., supra, the judgment must be affirmed, with costs.

It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.